**SO ORDERED.**

**SIGNED this 4th day of September, 2014.**



Dale L. Somers
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> COMPLETE LANDSCAPING SYSTEMS, INC., <br><br> DEBTOR. | CASE NO. 13-12530 <br> CHAPTER 11 |
| COMPLETE LANDSCAPING SYSTEMS, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> LAURA ACKERMAN, PETER SALMERON HODGE ACQUISITIONS, L.C., et al., <br><br> DEFENDANTS. | ADV. NO. 14-5058 |

## MEMORANDUM OPINION AND ORDER GRANTING
## HODGE ACQUISITIONS, L.C.'S MOTION TO
## DISMISS AMENDED CROSS-CLAIM OF DEFENDANT PETER SALMERON

The matter under advisement is the Motion of Hodge Acquisitions, L.C. to Dismiss "Amended Cross Claim" of Defendant Peter Salmeron.[1] The motion is opposed by Peter Salmeron.[2]

The Amended Cross-Claim[3] was filed by Peter Salmeron (Salmeron) against Laura Ackerman (Ackerman) and Hodge Acquisitions, L.C. (Hodge). The primary claim is a breach of contract against Ackerman. One of the contracts alleged to have breached is that described in paragraph 11 of Debtor's Complaint as follows: "As part of the Stock Sale [on December 30, 2009] Ackerman purchased 99% of Debtor's stock from Salmeron for $448,379.99, and paid the purchase price exclusively in the form of a promissory note to Salmeron." Salmeron alleges $400,000 remains due. The second contract which Salmeron seeks to enforce is Ackerman's alleged guaranty of over one million dollars of obligations of Debtor to Salmeron. In addition to the breach of contract claim, Salmeron states a state law fraudulent transfer claim alleging that Ackerman's transfer of her interest in real property to Hodge was fraudulent as to Salmeron, such that he is entitled to execute on the real property to satisfy his future judgment on the breach of contract claim. This is the same real property which the Trustee seeks to recover in this adversary

---

[1] Doc. 45. Hodge Acquisitions, Inc. appears by J. Michael Morris of Klenda Austerman LLC.

[2] Doc. 44. Peter Salmeron appears by Kurt A. Harper of Sherwood, Harper, Dakan, Unruh & Pratt, L.C. The opposition brief is a response to the Trustee's motion to dismiss the cross-claim before it was amended, but the Court considers it as if filed in opposition to the motion to dismiss the amended cross-claim.

[3] Doc. 43.

2

case as fruits of the Debtor's fraudulent transfers to Ackerman. Hodge is a cross-claim defendant because of his alleged interest in the real property.

Hodge moves to dismiss on the basis that the bankruptcy court generally has no jurisdiction over state law claims between non-debtors, that only the Trustee may bring a fraudulent transfer claim, and that the filing of the Amended Cross-Claim constitutes a breach of fiduciary duty of Salmeron to Debtor's estate, since upon information and belief Salmeron has obtained full stock ownership of the Debtor post-petition. Salmeron responds that the Court has related to jurisdiction of the Amended Cross-Claim.

The Court finds it unnecessary to address these arguments. Since the Amended Cross-Claim was filed, Ackerman has sought protection under Chapter 11 of the Code, case no. 14-11683, filed on July 22, 2014. That case has been assigned to this judge. Absent relief from stay, which has not been sought, Salmeron's breach of contract claim against Ackerman must be asserted in Ackerman's bankruptcy case. Likewise, Salmeron's claim of an interest in Ackerman's real property is a claim for adjudication in Ackerman's bankruptcy case. The Amended Cross-Claim filed in Complete Landscaping Systems' adversary proceeding must therefore be dismissed because the claims asserted are within the exclusive jurisdiction of this Court in Ackerman's bankruptcy case. Hodge's motion to dismiss the Amended Cross-Claim is granted.

Salmeron's Amended Cross-Claim is hereby dismissed.

**IT IS SO ORDERED.**

###

3

Case 14-05058   Doc# 65   Filed 09/04/14   Page 3 of 3